IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MATTHEW JONES, :
:
       Plaintiff, :
:
   v. : Civil Action No. 16-1321-RGA
:
THE FAMILY COURT OF DELAWARE :
IN AND FOR SUSSEX COUNTY, :
:
       Defendant. :

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 8, 2017
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action in December 2016 in the United States District Court for the Eastern District of Pennsylvania against the Justice of the Peace Court No. 4, Sussex County, Delaware. The matter was transferred to this Court on December 29, 2016. (D.I. 3). Jones asserts jurisdiction by reason of a United States government defendant and a federal question and alleges that his claims arise under the Constitution, laws or treaties of the United States. The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Jones alleges that from December 31, 2014 to the present, long standing enslavement, sexual slavery, forced labor, identity theft, larceny, forgery, assault, attempted murder, rape, pedophilia, and other felonious acts were committed. (D.I. 1-1 at p.2). Jones alleges the acts occurred as a result of his 2014 New Year's Eve arrest for felony assault. Following the arrest, Jones was taken to Sussex County Correctional Institute. He alleges that he was held for eleven days without bail and was not allowed to speak to an attorney. Jones alleges that for the first day he was placed in a single cell on suicide watch and served inedible food. He alleges that he required medical care, but it was not provided. Plaintiff alleges that he was held an extra day after he posted bail. The charges against Plaintiff were reduced to third degree assault and terroristic threatening and ultimately dismissed.

1

Jones alleges numerous violations of federal criminal law, Delaware State law, and amendments of the United States Constitution. (*Id.* at pp.6-10). He seeks two billion dollars in damages.

DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6)

motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The sole defendant is the Family Court of Delaware in and for Sussex County. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007).

Following the reasoning of the Third Circuit in *Benn v. First Judicial Dist. of Pa.*, the Court concludes that the Family Court is a state entity and, thus, immune from suit. *Benn*, 426 F.3d 233, 239-40 (3d Cir. 2005) (concluding that Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment immunity). In addition, dismissal is proper because the Family Court is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008). Therefore, the Court will dismiss the Complaint based upon the Family Court's immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Complaint contains some allegations that could possibly give rise to a claim against individuals. Since it appears plausible that Jones may be able to articulate a

claim against alternative defendants, he will be given an opportunity to amend his pleading. See *O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.